UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AHARON CRUZ-JOSEPH,

          Plaintiff,

v.

                                        Case No. 3:25-cv-858-MMH-PDB

SERGEANT CARRALLO, et al.,

          Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Aharon Cruz-Joseph, an inmate in the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1) in the Tampa Division of the Middle District of Florida.[1] On July 29, 2025, the Honorable Tom Barber, United States District Judge, transferred the action to the Jacksonville Division. Doc. 3. The Court identified some deficiencies in his Complaint and ordered him to file an amended complaint if he wished to proceed with his claims. See Order (Doc. 7). Specifically, the Court noted that Cruz-Joseph failed to provide factual allegations specific to each defendant and that, in his amended complaint, he needed to clearly "explain which defendant he attempts to hold responsible for

_____

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

which action and which injury." Id. at 4. The Court further outlined the law on establishing official capacity claims and noted that Cruz-Joseph failed to state a claim for relief against any defendant in his or her official capacity. Id.

Before the Court is Cruz-Joseph's Amended Complaint (Amended Complaint; Doc. 9). Cruz-Joseph names four Defendants, all employed by the Florida Department of Corrections (FDOC): (1) Sgt. Carrallo (in individual and official capacity); (2) Officer Johnson (in individual and official capacity); (3) "other security staff present" (in official capacity only); and (4) the captain or lieutenant on shift (in official capacity only). Amended Complaint at 2–3. Cruz-Joseph states that his claim is based on the Defendants' "neglig[ence] of serving me a state meal and insufficient medical emergency response." Id. at 3. Specifically, he alleges Sgt. Carrallo "chose" not to open his flap to give Cruz-Joseph breakfast and that he asked Carrallo and "shift Sgts. [and] officers" to feed him that meal and that they still "neglected" to feed him. Id. at 4–5. He further states unspecified persons "ignored him when he was clearly bleeding out," "neglected to respond to my medical emergency" and instead provided "an insufficient medical emergency response." Id. at 3, 5. Cruz-Joseph asserts he suffered a laceration on the vein inside his left elbow which caused bleeding. Id. He states the "only treatment" he received was a nurse putting "injury glue inside the wound" instead of a being "properly registered into a li[]censed emergency response unit care." Id. He requests a transfer to a different prison,

2

"proper food and medical care," monetary damages, and disciplinary action against the Defendants. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

3

and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

5

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Amended Complaint, the Court must read Cruz-Joseph's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Cruz-Joseph's Amended Complaint fails to state a plausible § 1983 claim for relief against any Defendant in his or her official capacity. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against the entity to which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted). Thus, a suit

against Defendants in their official capacities is equivalent to suing the FDOC itself. To proceed on such a claim, a plaintiff must allege that a policy, custom, or practice of the FDOC was the "moving force" behind any alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693–94 (1978) (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Here, Cruz-Joseph fails to allege any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. Accordingly, he has failed to state a claim against Defendants in their official capacities. As Cruz-Joseph sues the "captain or lieutenant on shift" and "other security staff present" only in their official capacity, all claims against those Defendants are due to be dismissed.

While Cruz-Joseph's claims are most appropriately characterized as violations of the Eighth Amendment, his allegations fail to state such a claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's

7

conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834). To state a claim that his conditions of confinement violated the Eighth Amendment, Cruz-Joseph must allege that prison officials were deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "unreasonable risk of serious damage to his future health or safety." Id. at 1289.

As it relates to the denial of food, Cruz-Joseph alleges Sergeant Carrallo and "shift Sgts; officers" deprived him of a single meal on a single day. The deprivation of one meal on one day is not a constitutional violation, "especially where there is no suggestion that [Cruz-Joseph] suffered any adverse physical effects or that his health was jeopardized as a result of the single deprivation." Solomon v. Dep't of Fin. Serv., No. 5:11cv208/MCR/CJK, 2012 WL 1700838, at *2 (N.D. Fla. Apr. 9, 2012) (collecting cases), rep. & recommendation adopted by, 2012 WL 1700710, at *1 (N.D. Fla. May 15, 2012)[3]; see also Hoever v.

---

[3] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court

Belleis, 703 F. App'x 908, 911 (11th Cir. 2017) (finding that the plaintiff did not state a plausible Eighth Amendment claim because he "did not assert that missing one meal worsened his health").[4] Indeed, "[u]nder the Eighth Amendment, a prisoner [is] only [] entitled to reasonably adequate food." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 865 (11th Cir. 2008) (citing Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985)). "[F]eeding a prisoner a minimal amount of food for a limited number of days" does not violate the Eighth Amendment. Id. (citing Novak v. Beto, 453 F.2d 661, 665, 668 (5th Cir. 1971) (finding no Eighth Amendment violation when a prisoner in solitary confinement was on a 15-day restrictive diet, consisting of 2 slices of bread a day, unlimited water, and a full meal every 3 days)).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). For decades, the Eleventh Circuit has

---

would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

described a "more than mere negligence" or "more than gross negligence standard" in determining whether an official acted with deliberate indifference to that serious medical need. See Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate that the prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence.") (internal quotations omitted)); see also Wade v. McDade, 106 F.4th 1251, 1255 (11th Cir. 2024). Recently, however, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard as used in criminal law. See Wade, 106 F.4th at 1253. Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844–45.

10

Id. at 1262 (enumeration and emphasis omitted).[5]

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d

---

[5] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

11

1537, 1545 (11th Cir. 1995) (citation omitted). Here, Cruz-Joseph's vague and conclusory allegations that the medical response provided was insufficient does not rise to the level of an Eighth Amendment violation. Indeed, he makes no allegations that Defendant Carrallo or Johnson[6] were the individuals who "ignored" him and "neglected to respond to his medical emergency." Even if he had attributed those actions to a remaining Defendant, he does not make any factual allegations that show either remaining Defendant was "actually, subjectively aware that his own conduct caused a substantial risk of serious harm" to Cruz-Joseph. Further, Cruz-Joseph fails to make any factual allegations to demonstrate that either Defendant failed to respond reasonably to the risk. Cruz-Joseph's own allegations demonstrate that he was seen by medical and that medical personnel applied "wound glue" to his cut. See Amended Complaint at 5. To the extent Cruz-Joseph intends to fault either remaining Defendant based on the belief that prison officials "should have employed additional diagnostic techniques or forms of treatment," this is also insufficient to warrant relief under the Eighth Amendment. See Bismark, 213 F. App'x at 897.

Finally, to the extent Cruz-Joseph requests that the Court order prison officials to transfer him or enforce disciplinary action against any Defendant,

_____

[6] The other Defendants were named only in their official capacity, and Cruz-Joseph failed to state a claim against them in that capacity as stated above.

12

he would not be entitled to relief. Courts generally will not interfere with matters of prison administration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). Federal courts also do not have the power to order officials to take certain disciplinary actions against their employees. See LaMarca v. Turner, 995 F.2d 1526, 1543 (11th Cir. 1993) (holding that a court's requirement of a state official to discipline its correctional officers was an "inappropriate use of the court's equity powers."); see also Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), rev'd in part on other grounds by Alabama v. Pugh, 438 U.S. 781 (1978).

In light of the foregoing, this case will be dismissed without prejudice for Cruz-Joseph's failure to state a claim. Cruz-Joseph may refile his claims with factual allegations sufficient to support a claim for relief if he elects to do so.[7] Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome,

---

[7] The Court notes that the claims Cruz-Joseph seeks to assert stem from actions occurring on April 12, 2025. As such, at this time, the refiling of his claims would not be barred by the applicable statute of limitations. However, Cruz-Joseph is cautioned that timely filing is his own responsibility.

13

863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED without prejudice.**

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12

C:   Aharon Cruz-Joseph, #P90743

14